KAREN LECRAFT HENDERSON, Circuit Judge,
concurring:
I agree with the majority opinion that the district court correctly granted summary judgment to the government because appellant Wayne Bridgeforth’s retal *666 iation claim is, at best, speculative. I write separately, however, because I disagree with the majority’s suggestion that the case is close because it “falls between” Douglas v. Donovan, 559 F.3d 549 (D.C.Cir.2009), and Weber v. Battista, 494 F.3d 179 (D.C.Cir.2007). Maj. Op. at 665. The failure to nominate Bridgeforth for time-off awards was no more an adverse employment action than was the employee’s failure to make the cut for a Presidential Rank Award in Douglas. Like the “indefinable star qualities” of “outstanding leadership and innovation” that Douglas’s award was intended to reward — the criterion for U.S. Park Police time-off awards — “personal effort that contributes to the quality, efficiency, or economy of Government operations” — is “by [its] very nature subjective.” Douglas, 559 F.3d at 553; JA 119. In Donovan, we made clear that the decision whether to nominate an employee for such a subjective award does not by itself constitute the sort of “adverse employment action” necessary to make out a discrimination or retaliation claim. “[T]he inherent uncertainty in the [award] process means there can be no direct tie between a nomination and an award.” 559 F.3d at 553. Accordingly, an employee “must go the further step of demonstrating how the decision caused such an objectively tangible harm.” Douglas, 559 F.3d at 553. In Weber, the plaintiff did just that, producing evidence that her lower performance ratings after she complained of discrimination caused her to lose a performance award that was based on those ratings. Like the Douglas plaintiff, however, Bridgeforth offered no evidence of the necessary causal link and his claim should therefore be easily — and summarily — rej ected.